IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HUAFENG XU, | |
| Plaintiff, | Civil No. 14-83 (RBK/AMD) |
| v. | **OPINION** |
| DOUGLAS E. ARPERT, | |
| Defendant. | |

**KUGLER**, United States District Judge:

Plaintiff, Huafeng Xu, filed a Civil Complaint on January 6, 2014. In his Complaint, Mr. Xu seeks monetary relief from the Honorable Douglas E. Arpert, U.S.M.J. ("Magistrate Judge Arpert"), and further asks this Court to "immediately investigate and prosecute" Magistrate Judge Arpert and bestow "a maximum punishment and penalty" against him if found "guilty to all the above charges, "fully protect" his civil rights, and "restore its Integrity and strictly follow the U.S. Local and Federal Civil and Criminal Procedure Laws!" (Compl. 3.)

For the reasons set forth below, the Court, sua sponte, dismisses, with prejudice, Mr. Xu's Complaint against Magistrate Judge Arpert on the grounds of judicial immunity.

I.   BACKGROUND

This matter stems from two rather arduous civil actions—one terminated and one currently pending—before the Honorable Peter G. Sheridan, U.S.D.J., and Magistrate Judge Arpert. In the first-filed action, Huafeng Xu v. Farkhanda Naqvi and Michelle Buskett, No. 12-7844, Mr. Xu brought suit against two IRS employees alleging that they violated his

constitutional rights by yelling at him and escorting him out of a meeting concerning his 2009 and 2010 income tax liabilities, and by making up Notices of Deficiencies for 2009 and 2010. Mr. Xu's Complaint was eventually dismissed due to lack of jurisdiction and his failure to state a claim, but not before he filed a number of motions challenging the defendants' filings as improper because the attorneys included two backslashes in their electronic signature and the Court's decisions in connection with his various motions. Although Mr. Xu appealed the Court's decision dismissing his case with prejudice, the Court's decision was affirmed on appeal.

Mr. Xu then filed a second civil action, styled as <u>Huafeng Xu v. Kathryn Keneally and Melissa L. Dickey</u>, No. 12-4026. In that case, Mr. Xu alleged, <u>inter alia</u>, that Ms. Keneally and Ms. Dickey, the attorneys who represented the defendants in the previously filed action, wasted his time by signing various filings with an additional "/". Mr. Xu sought $2 million in damages from Ms. Keneally and Ms. Dickey. Again, Mr. Xu inundated the Court with various filings including a motion to reassign the case, a motion "to stop certain violations", a motion to "investigate, stop and prosecute Magistrate Judge Douglas E. Arpert" for obstructing justice, a motion to have Chief Judge Jerome B. Simandle hear certain matters, and finally an application to have Magistrate Judge Arpert disqualified from the case. That matter is still pending.

On January 6, 2014, Mr. Xu filed the instant civil action against Magistrate Judge Arpert alleging that he "has been obstructing the Court Justice by violating Local Civil and Criminal Rules at this Court, and the Federal Civil and Criminal Procedure Rules since December 2012" with regard to Civil Action Nos. 12-7844 and 13-4026, and has therefore been "violating all the civil rights of Huafeng Xu". The Court now turns to the merits of Mr. Xu's third suit.

II.  DISCUSSION

The Court has the power to dismiss claims sua sponte under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Bintliff-Ritchie v. Am. Reinsurance Co., 285 F. App'x 940, 930 (3d Cir. 2008) (citing Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980)). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002). Also, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Where, as here, a plaintiff seeks monetary relief from a judicial officer, the doctrine of judicial immunity is implicated. Judicial immunity rests on the principle that "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. (citing Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (citation and internal quotation marks omitted)).

Here, all of the allegations in Mr. Xu's complaint relate to actions taken by Magistrate Judge Arpert in his capacity as a Magistrate Judge presiding over Mr. Xu's civil actions against Farkhanda Naqvi and Michelle Buskett, (Docket No. 12-7844), and Kathryn Keneally and Melissa Dickey, (Docket No. 13-4026). Mr. Xu has not set forth any facts that Magistrate Judge Arpert's allegedly improper actions were performed outside his official capacity or in the absence of his jurisdiction. Therefore, judicial immunity applies and will shield Magistrate Judge Arpert from Mr. Xu's claim for monetary relief. See McKnight v. Bryant, No. 09-5128, 2009 WL 3681908, at *4 (D.N.J. Nov. 2, 2009) (dismissing plaintiff's claims against Judge Famular with prejudice where there was "no suggestion that Judge Famular's allegedly improper actions were performed outside of her official capacity or in the absence of jurisdiction" such that judicial immunity should not apply).

Further, Mr. Xu's additional demands that the Court investigate and prosecute Magistrate Judge Arpert for any crimes he may have committed are barred by separation of powers. The power to launch prosecutions remains within the purview of the Executive Branch, not this Court. See Carter v. All Dist. Fed. Judges USA, No. 11-2198, 2011 WL 1706093, at *4 (D.N.J. May 4, 2011).

Accordingly, because Mr. Xu has failed to state a claim upon which relief can be granted, his Complaint will be dismissed, with prejudice.

## III. CONCLUSION

For the reasons stated above, the Court will dismiss, with prejudice, Mr. Xu's Complaint against Magistrate Judge Arpert.  An appropriate order shall issue today.


Dated:  1/15/2014                                    /s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge